DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Probate Division, which granted appellee's complaint seeking authority to sell real property of decedent to pay debts of the estate. The trial court authorized an order of public sale to be issued to appellee in the scope of her role as executor of decedent's *Page 2 
estate. For all of the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Larry Morgan, sets forth four assignments of error:
 {¶ 3} "The trial court abused its discretion and denied appellant due process and equal protection to the 14th amendment to the United States Constitution and by article 1, section 10 of the Ohio Constitution. Also the trial court went against the manifest weight of the evidence and lacked jurisdiction to entertain such complaints.
 {¶ 4} "Trial court lacked jurisdiction to admit will and went against the manifwst [sic] of the evidence to admit said will.
 {¶ 5} "The trial court abused its discredtion [sic] and viloated [sic] due process as in the 14th United States constitiotutional [sic] amendment.
 {¶ 6} "The trial court abused its discredtion [sic] and violated [sic] due process and equal protection as is in the 14th United States constiotutional [sic] amendment and lacked jurisdiction."
 {¶ 7} The following undisputed facts are relevant to the issues raised on appeal. This matter stems from a 1998 probate case. On October 28, 1998, appellee filed an application to probate the will of her late mother, Roberta G. Morgan. The application was not contested. Appellant is the decedent's surviving spouse. The probate court filed an entry admitting decedent's will into probate and designating appellee as the executor of the estate. Appellee has properly served in that capacity for the duration of this case. *Page 3 
 {¶ 8} On November 9, 1998, appellee filed the requisite certificate of service of notice of probate of the will. This notice expressly informed each heir and beneficiary, including appellant, that they have a four-month window of time in which to file any action contesting the validity of the will. No will contest was filed.
 {¶ 9} On June 26, 2007, appellee filed a complaint in probate court for authority to sell certain of decedent's real estate to pay debts. The record reflects that throughout the history of this case that appellant has filed numerous motions against appellee ranging from requests for sanctions to allegations of fraud. The record further reflects that none of these motions have been determined to be meritorious by the trial court.
 {¶ 10} The record reflects that the sole request upon which appellant has prevailed were not connected to the underlying substantive merits of this case. Appellant was granted a unique "request for security" upon alleging to the court that he was frightened for his personal safety by the probate magistrate and counsel for appellee. Appellant articulated no factual basis in his written request underlying his purported fear but was nevertheless granted in-house security during his court appearance. Also, appellant was granted a requested extension of time for payment of costs due pertaining to his various past filings in this case.
 {¶ 11} On June 30, 2008, the trial court granted judgment to appellee finding the requested sale of real estate necessary and directing an order of public sale be issued to appellee. Timely notice of appeal was filed. *Page 4 
 {¶ 12} Three of appellant's assignments of error are substantively analogous and will be considered simultaneously for purposes of judicial economy. Assignments of Error Nos. I, II and IV all stand for the proposition that the trial court lacked the jurisdiction to admit decedent's will into evidence based upon the contention that, "on its face it was not a legal will." As such, appellant asserts that the trial court abused its discretion in its judgment granting appellee's complaint and awarding appellee permission to sell real property to pay debts of the estate.
 {¶ 13} An abuse of discretion requires proof of more than a mere error of law or judgment. It requires evidence sufficient to demonstrate that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} In assessing the veracity of these assignments, we first note that they share a common premise, the purported illegitimacy of decedent's will. The record clearly establishes that decedent's will was not timely contested and has never been established to be improper in any way. On the contrary, the will has been in the course of being probated for over a decade.
 {¶ 15} R.C. 2127.02 not only authorizes, but expressly requires, that an executor such as appellee pursue the sale of property to pay debts in circumstances such as those present in this case. R.C. 2127.02
establishes in relevant part, "as soon as an executor or administrator ascertained that the personal property in his hands is insufficient to pay all *Page 5 
the debts of the decedent * * *he shall commence a civil action in the probate court for authority to sell the decedent's real property."
 {¶ 16} In conjunction with this statutory authority, a related provision expressly authorizes venue in Lucas County, another proffered basis of appellant's challenge to the trial court's action. R.C. 2127.09
states, "An action by an executor, administrator, or guardian to obtain authority to sell real estate shall be brought in the county in which he was appointed." The record demonstrates that appellee was appointed in Lucas County and the matter has been probated for over a decade in Lucas County.
 {¶ 17} The record shows that appellee had not only the requisite legal authority, but also a statutory duty, to seek permission for the disputed sale to pay debts given the financial status of the estate. The record shows that Lucas County is vested with express statutory authority to hear the matter. Appellant has furnished no objective or legally relevant evidence demonstrating an abuse of discretion. We find appellant's first, second and fourth assignments of error not well-taken.
 {¶ 18} In appellant's third assignment of error, he concludes without relevant evidentiary support that the trial court abused its discretion in denying his request for a jury trial. We need not belabor our analysis on this point. We note that R.C. 2127 confers no absolute or automatic right to a jury trial in matters such as that underlying this appeal. It is left to the discretion of the trial court. Appellant's unilateral and legally unsupported conclusion that the trial court abused its discretion in denying a jury trial *Page 6 
does not constitute a legally sufficient basis in support of such a claim. We find appellant's third assignment of error not well-taken.
 {¶ 19} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1